KRIEGLER, J.,
Dissenting. — I respectfully dissent from my colleagues’ determination to reach the merits of this appeal, as set forth in footnote 3 of the majority opinion. Both the Los Angeles County Department of Children and Family Services (Department) and N.D. (mother) agree this case is moot — the dependency court has terminated jurisdiction. In recognition of this fact, mother has moved to voluntarily dismiss her appeal. I would grant that request and put this litigation to an end.
This case is particularly deserving of dismissal on mother’s request. Mother raised only one issue on appeal: Is there substantial evidence to support the dependency court’s order continuing to exercise jurisdiction over J.F. under Welfare and Institutions Code section 364? [1] That issue has been resolved by the termination of jurisdiction. Nothing more need be said regarding the issue.
Moreover, my colleagues attribute an argument to mother that she has never asserted. According to the majority, mother argues that because the Department recommended that jurisdiction be terminated, it follows that the Department did not prove by a preponderance of the evidence that continued jurisdiction was proper. The majority also interprets mother’s argument to be that section 364 provides the Department with the “veto power” to divest the court with the power to continue the dependency.
In fairness to counsel for mother, she has not made the arguments attributed to her. In the opening brief, mother noted that the substantial evidence standard of review applied. She reviewed her progress and compliance with the case plan during the dependency. Based upon the record, mother argued current circumstances would not justify an initial assumption of jurisdiction, and therefore substantial evidence did not support the order *214 continuing jurisdiction. Mother’s fact-based contention never suggested that section 364 compels the trial court to follow the recommendation of the Department, which in this case was to terminate jurisdiction.
In her reply brief, mother again reviewed the evidence and argued that “[the Department] established by a preponderance of evidence that conditions did not exist which would justify initial assumption, therefore, the juvenile court was compelled to terminate jurisdiction and erred in not doing so, requiring reversal.” The reply brief makes no mention of an interpretation of section 364 which affords the Department a veto power. Mother merely argued that because of the factual showing made by the Department, the record lacks substantial evidence to support the court’s order continuing jurisdiction.
Any lingering doubt as to the argument made by mother is conclusively eliminated by her answer to this court’s request for briefing on the following question: “If the [Department] recommends termination of jurisdiction, is its consent required to terminate jurisdiction; or if the [Department] has submitted a preponderance of evidence showing that jurisdiction should be retained, may the juvenile court reject the recommendation of the [Department] to terminate jurisdiction; or if there is sufficient evidence in the record justifying retention of jurisdiction, may the juvenile court retain jurisdiction notwithstanding the recommendation of the [Department]?” Mother answered the court’s questions by unequivocally stating that the juvenile court makes an independent determination whether to terminate jurisdiction, the court may do so over the objection of the Department, and due process and an independent judiciary “demand that the juvenile court exercise its its judicial power independent of mandate by the [Department].”
I would grant mother’s request to dismiss her appeal.

 All statutory references are to the Welfare and Institutions Code.